UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOUIS C KEYS,

        Plaintiff,

    v.                                          Case No. 20-cv-1698-bhl

CO J COLE, et al.,

        Defendants.

---

## ORDER

---

On November 12, 2020, plaintiff Louis Keys filed this lawsuit, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1-3. The Court issued an order directing Keys to pay an initial partial filing fee of $0.60. Dkt. No. 5. About a week later, on November 23, 2020, Keys filed a motion to re-evaluate his trust account statement. Dkt. No. 6. Keys states that he "hasn't received one cent" during the last six months. *Id.* at 1. He states that his average monthly deposits could not have been $3.00, and he cannot pay the initial partial filing fee of $0.60. *Id.*

The Court has reviewed the trust account statement Keys submitted when he filed this lawsuit. Dkt. No. 3. This document includes numerous pages that are not in chronological order. *See id.* One of those pages shows an $18.00 deposit from Margaret Swan, *id.* at 5, and this deposit was used to calculate his initial partial filing fee. This deposit was made in August 2019 (more than a year before he filed this lawsuit), so Keys is correct that it should not have been included in calculating his initial partial filing fee. Based on review of the correct trust account pages, the Court concludes that Keys neither has the assets nor means to pay the initial partial filing fee. Accordingly, Keys does not have to pay an initial partial filing fee.

The Prison Litigation Reform Act (PLRA) provides that, if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any actions without prepayment of the filing fee, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In the event that this action is later dismissed for any of the above reasons, it may have an impact on Keys' ability to bring actions without prepayment of the filing fee. Accordingly, the Court will give Keys an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under §1915(g).

**Notice to Plaintiff**: If you do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must file a letter with the Clerk of Court stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to re-evaluate his trust account statement (Dkt. No. 6) is **GRANTED**. The plaintiff is not required to pay an initial partial filing fee.

**IT IS ORDERED** that, if the plaintiff wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), the plaintiff shall so notify the Court on or before **January 26, 2021**. Upon expiration of the specified time, the Court will screen the complaint as required by 28 U.S.C. §1915A.

Dated at Milwaukee, Wisconsin this 12th day of January, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge