UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LOUIS C. KEYS,

    Plaintiff,

v.                                                                Case No. 20-cv-1698-bhl

CO J. COLE et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Louis Keys, a former inmate who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Keys' motion for leave to proceed without prepaying the full filing fee and for screening of the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Keys filed a motion for leave to proceed without prepayment of the filing fee, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Dkt. Nos. 2-3. On January 12, 2021, the Court waived the initial partial filing fee because Keys neither had the assets nor the means to pay it. Dkt. No. 10. The Court told Keys that he had 21 days to voluntarily dismiss the case to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g). *Id.* The Court explained that, if Keys did not voluntarily dismiss the case by the deadline above, the Court would grant his motion for leave to proceed without prepayment of the filing fee and screen the complaint. Keys did not voluntarily dismiss this case. Accordingly, the Court will grant the motion for leave to proceed without prepayment of the filing fee. He must pay the fee over time as he is able.

### SCREENING THE COMPLAINT

The Court has a duty to review complaints filed by prisoner-plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In screening the complaint, the Court determines whether the complaint complies with the Federal Rules of Civil Procedure and states a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must give each defendant notice of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

At the relevant time, Keys was an inmate at the Fond du Lac County Jail. Dkt. No. 1, ¶3. Defendants CO J. Cole, CO Bigelbach, and Sgt. Guell were correctional officers at the jail. *Id*., ¶4. The defendants are sued in their personal capacities. *Id*., ¶5.

On July 24, 2019, at around 6:00 p.m., Keys told Guell that he was suicidal and having thoughts of self-harm. *Id*., ¶6. Guell "gave [Keys] a nasty attitude, got upset, and hold [him] to lay down." *Id*. After Guell left without providing any assistance, Keys covered the front door window/suicide-watch camera and began self-harming. *Id*., ¶7. The self-harming lasted for over an hour; Keys cut his left arm open and bled out. *Id*.

After about 9 p.m. that day, Keys was removed from his cell and placed into a restraint chair without seeing a nurse or receiving any medical care for his wound. *Id*., ¶8. The leg iron shackles were left on with the chair straps "extremely tight causing dangerous pain." *Id*. Keys states that he had not received any treatment for his wrist wound so the pressure used to strap his arms to the chair caused pain. *Id*., ¶9. Keys was left in the restrained chair for over 14 hours and lost feeling in all his limbs. *Id*. Keys says that he "screamed and begged to be free" but the

defendants "refused." *Id*., ¶8. Keys states, "not once in 14 hours in chair did Sgt. Guell, J. Cole, or Bigelbach call a nurse." *Id*., ¶9.

The following day, at around 5:00 am on July 25, 2019, Sgt. Penn (not a defendant) came to work and saw Keys' condition. *Id*., ¶10. Sgt. Penn removed the shackles and loosened the restraints. *Id*. Sgt. Penn told Keys that Sgt Guell "had a pattern of this behavior …of misusing the restraint chair to punish and hurt mentally ill inmates." *Id*. For relief, Keys seeks monetary damages and an injunction. *Id*., ¶¶17-21.

## ANALYSIS

This is the third lawsuit that Keys has filed involving the same July 24-25, 2019 incident at the Fond du Lac County Jail. The Court allowed Keys to proceed with claims related to this incident in his first lawsuit, 20-cv-184 *Keys v. Ronquilla-Horton*. The Court dismissed claims related to this incident in Keys' second lawsuit, 20-cv-1235 *Keys v. Cole,* and instructed Keys that he needed to file a motion to amend the complaint in his first lawsuit if he wanted to include new factual allegations, defendants, or claims related to this incident. The Court will dismiss this case for the same reasons—Keys is not entitled to have multiple pending lawsuits involving the same incident and defendants that seek to resolve the same facts and legal claims.

The Court advises Keys that he should not file any more lawsuits related to the July 24-25, 2019 incident from the Fond du Lac County Jail. Keys is warned that if he continues to file repetitive lawsuits involving the same facts and incidents, he will be subject to sanctions for wasting judicial resources.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. The plaintiff shall submit payment for the $350.00 civil case filing fee as he is able.

Keys is **WARNED** that if he continues to file repetitive lawsuits involving the same facts and incidents, he will be subject to sanctions for wasting judicial resources.

**IT IS ORDERED** that this case is **DISMISSED**. The Court will enter judgment accordingly.

Dated at Green Bay, Wisconsin this 8th day of February, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge